UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE: )
)
Robert Todd Smith and ) Case No. 09-10282C-7G
Nina Dudash Smith, )
)
Debtors. )

MEMORANDUM OPINION

This case came before the court on June 30, 2009 for hearing on motions by the Debtors to avoid judicial liens held by Bank of North Carolina and High Point Bank and Trust Company (collectively the "Claimants") encumbering certain real property owned by the Debtors. Aleta B. Kiser appeared on behalf of the Debtors, David L. Cecil appeared on behalf of Bank of North Carolina, and Andrew S. Lasine appeared on behalf of High Point Bank and Trust Company. For the reasons that follow, the court will overrule the Claimants' objections and grant the Debtors' motions.

FACTS

The facts in this case are undisputed. The Debtors own real property located at 2754 West Lexington Avenue, High Point, Davidson County, North Carolina that is used as their residence (the "Residence"). The Debtors value the Residence at $300,000.00 based on an appraisal conducted on November 24, 2008. At the time the Debtors filed their bankruptcy petition, the Residence was subject to the following liens: (1) a first priority deed of trust in favor of America's Wholesale Lender in the amount of $309,818.22, recorded in the Office of the Register of Deeds for Davidson County, North Carolina on October 13, 2006 in Deed Book 1736, Page 1693; (2) a second priority deed of trust in favor of MERS for Countrywide Bank, N.A. in the amount of $38,265.63, recorded

in the Office of the Register of Deeds for Davidson County, North Carolina on October 13, 2006 in Deed Book 1736, Page 1706; (3) a judicial lien in favor of High Point Bank and Trust Company in the amount[1] of $72,690.70, based upon a judgment docketed as 08 CvS 402 that was recorded in the office of the Clerk of Superior Court of Guilford County on September 30, 2008 (the "2008 High Point B&T Lien") and transcribed to Davidson County on October 15, 2008; (4) a judicial lien in favor of Bank of North Carolina in the amount of $33,224.37, based upon a judgment docketed as 08 CvS 2137 that was recorded in the office of the Clerk of Superior Court of Guilford County on January 9, 2009 (the "Bank of North Carolina Lien") and transcribed to Davidson County on January 14, 2009; and (5) a judicial lien in favor of High Point Bank and Trust Company in the amount of $79,173.72, based upon a judgment docketed as 08 CvS 2029 that was recorded in the office of the Clerk of Superior Court of Guilford County on January 12, 2009 (the "2009 High Point B&T Lien") and transcribed to Davidson County on January 28, 2009. The aggregate amount of all liens on the Residence totals $533,172.64.

The Debtors also own property located at 333 Kure Dune Lane, Kure Beach, New Hanover County, North Carolina (the "Beach House"). The Debtors value the Beach House at $350,000.00 based on an appraisal conducted on November 24, 2008. At the time the Debtors filed their bankruptcy petition, the Beach House was subject to the following liens: (1) a first priority deed of trust in favor of Countrywide Bank in the amount of $472,000.00 recorded in the Office of the Register of Deeds for New Hanover County, North Carolina on June 24, 2005 in Deed Book 4869, Page 564; (2) a second priority deed of trust in favor of SunTrust Bank in the amount of $58,852.81 recorded in the Office of the Register of Deeds for New Hanover County, North Carolina on June

---

[1] The stated amounts of all judicial liens are exclusive of attorney's fees, costs, and interest.

24, 2005 in Deed Book 4869, Page 587; (3) the 2008 High Point B&T Lien, which was transcribed to New Hanover County on October 15, 2008; and (4) the Bank of North Carolina Lien, which was transcribed to New Hanover County on January 14, 2009. The aggregate amount of all liens on the Beach House totals $636,767.88.

On May 6, 2009, the Debtors filed amended claims for property exemptions (the "Amended Exemptions"). In this district, debtors file their claim for property exemptions on Form 91C, a local form, which requires that a debtor list the property being exempted, the market value of the property, any lienholders and the amount of such liens, and the "net value" of the debtor's exemption, which is calculated by subtracting any liens from market value.[2] On line 1 of their Amended Exemptions, the Debtors claim the Residence as exempt pursuant to N.C. Gen. Stat. § 1C-1601(a)(1), list the market value of the Residence as $300,000.00, list a total of $350,265.63 in consensual liens against the Residence, and list the net value of the exemption as $0.00 because the liens against the Residence total more than its market value. The Debtors claim the Beach House as exempt on line 13 of their Amended Exemptions (the wildcard exemption) pursuant to N.C. Gen. Stat. § 1C-1601(a)(2), list the market value of the Beach House as $350,000.00, list a total of $530,852.81 in consensual liens against the Beach House, and list the net value of the exemption as $0.00. On the same date, the Debtors also filed motions to avoid the 2008 High Point B&T Lien and the 2009 High Point B&T Lien. The motion to avoid the 2008 High Point B&T Lien is with respect to both the Residence and the Beach House. The motion to avoid the 2009 High Point B&T Lien is with respect to the Residence only. On May 7, 2009, the Debtors filed a motion to avoid the Bank of North

---

[2]This differs from Official Form C under which the entries called for are a description of the property claimed as exempt, the "value of claimed exemption" and the "current value of property without deducting exemption."

Carolina Lien with respect to both the Residence and the Beach House. On May 19, 2009, High Point Bank and Trust Company filed an objection to the Debtors' Amended Exemptions and their motions to avoid the 2008 High Point B&T Lien and the 2009 High Point B&T Lien. On May 20, 2009, Bank of North Carolina filed an amended objection to the Debtors' Amended Exemptions and their motion to avoid the Bank of North Carolina Lien.

## DISCUSSION

The Debtors' motions to avoid the Claimants' judicial liens are based on 11 U.S.C. § 522(f). Section 522(f)(1)(A) allows a debtor to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is . . . a judicial lien . . . ." Under section 522(f)(2), a judicial lien "shall" be considered as impairing an exemption to the extent that the judicial lien plus all other liens plus the amount of the exemption that the debtor could claim if there were no liens on the property exceed the value of the debtor's interest in the property absent any liens. The parties agree that if the Debtors are entitled to claim exemptions in the Residence and the Beach House (collectively the "Exempt Property"), under the formula set forth in section 522(f)(2) the Debtors' exemptions would be impaired and the Claimants' judicial liens may be avoided. However, the Claimants object to the Debtors' Amended Exemptions, arguing that the Debtors are not entitled to exemptions in the Exempt Property under North Carolina law.[3] The Claimants argue that under North Carolina's exemption statutes, the Debtors cannot claim exemptions in property where there is no "value" in

---

[3] Pursuant to N.C. Gen. Stat. § 1C-1601(f), North Carolina has opted out of the federal exemptions described in section 522(d) of the Bankruptcy Code. Under section 1C-1601(f), the exemptions that apply in North Carolina are those provided under North Carolina law. See 11 U.S.C. § 522(b)(2).

- 4 -

excess of valid consensual liens.[4] The Claimants contend that because the Debtors are not entitled to exemptions in the Exempt Property, there are no exemptions that could be impaired as a basis for avoiding their judicial liens pursuant to section 522(f).

N.C. Gen. Stat. § 1C-1601(a) describes the property that a debtor may exempt and retain free of the enforcement of the claims of creditors. N.C. Gen. Stat § 1C-1601(a)(1) provides a homestead exemption, allowing a debtor to retain "[t]he debtor's aggregate interest, not to exceed [$18,500] in value, in real property . . . that the debtor . . . uses as a residence . . . ." N.C. Gen. Stat § 1C-1601(a)(2) provides a "wildcard" exemption, allowing a debtor to retain "[t]he debtor's aggregate interest in any property, not to exceed [$5,000] in value of any unused exemption amount to which the debtor is entitled under [the homestead exemption]." "Value" is defined in N.C. Gen. Stat § 1C-1601(b)(2) as "fair market value of an individual's interest in property, less valid liens superior to the judgment lien sought to be enforced."

The Claimants argue that in N.C. Gen. Stat. §§ 1C-1601(a)(1) and (2), the term "aggregate interest" refers to "value." Thus, the Claimants' reading of the statute is that a debtor may exempt the debtor's "aggregate interest . . . in value . . . ." The Claimants contend that, therefore, there must be some "value" in order for the Debtors to have an "aggregate interest" to exempt. Under the Claimants' statutory construction, "value" serves as a prerequisite to the North Carolina homestead and wildcard exemptions, meaning that where the fair market value of an individual's interest in property is less than the total of valid liens superior to the judgment lien sought to be enforced, there can be no exemption because the debtor has no interest in the exempt property. The court rejects this interpretation of N.C. Gen. Stat. § 1C-1601.

---

[4] Both the Residence and the Beach House are worth less than the total amount of the consensual liens against them.

In interpreting North Carolina law, the court begins by looking to the plain language of the statute itself. Smith Chapel Baptist Church v. City of Durham, 517 S.E.2d 874, 878 (N.C. 1999). "When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning." Lemons v. Old Hickory Council, BSA, 367 S.E.2d 655, 658 (N.C. 1988). "Ordinary rules of grammar apply when ascertaining the meaning of a statute." Dunn v. Pacific Employers Ins. Co., 418 S.E.2d 645, 648 (N.C. 1992). A provision of a statute "must be accorded only that meaning which other modifying provisions and the clear intent and purpose of the act will permit." Watson Industries v. Shaw, Comr. Of Revenue, 69 S.E.2d 505, 511 (N.C. 1952). Exemption statutes, being remedial in nature, should be construed liberally, and provisions that restrict a debtor's access to exemptions should be construed narrowly. Household Finance Corp. v. Ellis, 419 S.E.2d 592, 595 (N.C. App. 1992).

Here, the plain meaning of the exemption statute, applying the ordinary rules of grammar, is that the words "in value" are part of the phrase "not to exceed [$18,500 or $5,000] in value" that defines the maximum amount that a debtor may exempt pursuant to the homestead or wildcard exemptions. The words "in value" serve only to facilitate the manner in which the maximum amount of the exemption is to be calculated. The correct reading of the statute is that a debtor may exempt the debtor's aggregate interest in property, which may not exceed a maximum value of either $18,500 for the homestead exemption or $5,000 for the wildcard exemption. The court concludes, therefore, that the clear and unambiguous meaning of the statute requires the rejection of the Claimants' statutory construction.

There is no requirement in section 1C-1601(a)(1) and (2) that the fair market value of a debtor's interest in property be greater than the total of valid liens superior to the judgment lien

sought to be enforced in order for a debtor to be entitled to an exemption. Under section 1C-1601(a)(1), what is exempted is the debtor's "aggregate interest" in the property sought to be exempted. The existence of an interest in the property does not depend upon whether the market value of the debtor's interest exceeds the amount of the liens on the property. While the North Carolina courts apparently have not addressed the meaning of "aggregate interest" as used in the exemption statutes, the courts that have done so, have made it clear that "aggregate interest" has a broad meaning that is not limited to a debtor's equity in the sense of value over liens. See In re Ricks, 40 B.R. 507, 508 (Bankr. D.D.C. 1984). As pointed out in Ricks, a debtor's "aggregate interest" in real property includes the right to possession, the right to redeem, i.e., equity of redemption, and the right to make mortgage payments in the future and thus create a future equity. Id. See also Maddox v. Southern Discount Co. (In re Maddox), 713 F.2d 1526, 1530 (11th Cir. 1983) ("word 'interest' is a broad term encompassing many rights of a party, tangible, intangible, legal and equitable"); In re Springman, 328 B.R. 251, 255 (Bankr. D.D.C. 2005) ("phrase 'aggregate interest' means the bundle of rights the debtor has in property of an exempt character"). In this case, although the Debtors may not have equity in the sense of the market value of the Exempt Property being greater than the liens on the property, the Debtors clearly have an interest in the Exempt Property since they are in possession of the property and have an equity of redemption in both properties. See Gregg v. Williamson, 98 S.E.2d 481 (N.C. 1957) (a mortgagor is the owner of the land subject to the debt and has the right to redeem the property and clear title through performance of the obligation secured; he may convey this right or equity of redemption, and equity subrogates the purchaser thereof to the rights of the mortgagor). It follows that the Debtors are entitled to claim the exemptions authorized under section 1C-1601(a)(1) and (2), which they have done in their Form 91C

by claiming as exempt their aggregate interests in the Residence and the Beach House. Accordingly, the objections filed by the Claimants are overruled and the exemptions claimed by the Debtors are allowed as claimed.

As conceded by the Claimants, if the Debtors are entitled to the exemptions claimed with respect to the Exempt Property, the judicial liens held by the Claimants may be avoided pursuant to section 522(f) without regard to whether the other liens on the property exceed the value of the property. See In re McQueen, 196 B.R. 31 (E.D.N.C. 1995); In re Male, 362 B.R. 238 (Bankr. E.D.N.C. 2007); In re Hemric, 333 B.R. 81 (Bankr. M.D.N.C. 2005). The result with respect to the Residence is that the total aggregate of all liens and the value of the Debtor's exemption is $533,712.66, which exceeds the value of the Debtor's interest in the Residence by $233,172.66, and because that sum is greater than the total of $185,088.79 in judicial liens on the Residence sought to be avoided, the judicial liens impair an exemption pursuant to 11 U.S.C. § 522(f) and may be completely avoided pursuant to 11 U.S.C. § 522(f)(1). With respect to the Beach House, the result is that the total aggregate of all liens and the value of the Debtor's exemption is $564,077.18, which exceeds the value of the Debtor's interest in the Residence by $214,077.18, and because that sum is greater than the total of $105,935.07 in judicial liens on the Beach House sought to be avoided, the judicial liens impair an exemption pursuant to 11 U.S.C. § 522(f) and may be completely avoided pursuant to 11 U.S.C. § 522(f)(1). Orders so providing are being entered contemporaneously with the filing of this memorandum opinion.

This 27th day of July, 2009.

_William L. Stocks_
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Aleta B. Kiser, Esq.
Spring Tree Office park, Suite 107
2121 Eastchester Drive
High Point, NC 27265

Robert Todd Smith
Nina Dudash Smith
2754 W. Lexington Avenue
High Point, NC 27262

David L. Cecil, Esq.
P.O. Box 5666
High Point, NC 27262

Andrew S. Lasine, Esq.
P.O. Box 2608
High Point, NC 27261

Gerald S. Schafer, Trustee

Michael D. West, Bankruptcy Administrator